IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Cr. No. 15-00060 SOM |
| | ) | Civ. No. 16-00320 SOM-KJM |
| Plaintiff-Respondent, | ) | |
| | ) | ORDER DENYING PETITIONER'S |
| vs. | ) | MOTION UNDER 28 U.S.C. § 2255 |
| | ) | TO VACATE, SET ASIDE, OR |
| MARC SHIROMA, | ) | CORRECT SENTENCE BY A PERSON |
| | ) | IN FEDERAL CUSTODY AND |
| Defendant-Petitioner. | ) | GRANTING A CERTIFICATE OF |
| | ) | APPEALABILITY |

**ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255
TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN
FEDERAL CUSTODY AND GRANTING A CERTIFICATE OF APPEALABILITY**

I.        INTRODUCTION.

        Petitioner Marc Shiroma is serving a 132-month prison
sentence, having pled guilty to what is now his fourth bank
robbery in violation of 18 U.S.C. § 2113(a).  Given Shiroma's
prior convictions, the court sentenced him as a career offender
under § 4B1.2(a) of the United States Sentencing Guidelines
("USSG" or "the Guidelines").  Relying on 28 U.S.C. § 2255,
Shiroma argues that, in deeming him a career offender, this
court unconstitutionally relied on the Guidelines' residual
clause.  The court denies Shiroma's petition, concluding that
Shiroma procedurally defaulted his argument by not raising it on
direct appeal, and that, under controlling Ninth Circuit
authorities, Shiroma was appropriately classified as a career
offender.

## II.   BACKGROUND.

### A. Relevant Sentencing Guidelines.

Shiroma was sentenced under the 2014 Guidelines.  *See* ECF 15, PageID # 33.  The provision governing career offender status, USSG § 4B1.1, provides:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction *is a felony that is either a crime of violence* or a controlled substance offense; and (3) the defendant has *at least two prior felony convictions of either a crime of violence* or a controlled substance offense.

*Id.* (emphases added).

"Crimes of violence," in turn, are defined by USSG § 4B1.2(a), which has what are often called force, enumerated offenses, and residual clauses:

> The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that--
>
> (1)   has as an element the use, attempted use, or threatened use of physical force against the person of another [*the force clause*], or
>
> (2)   is burglary of a dwelling, arson, or extortion, involves the use of explosives [*the enumerated offenses clause*], or otherwise involves conduct that presents a serious potential risk of physical injury to another [*the residual clause*].

*Id.*

### B.    Factual Background.

On December 16, 2014, Shiroma entered the Chinatown
Branch of First Hawaiian Bank in Honolulu, Hawaii, and handed
the teller a note that said, "Give me the money."  ECF 15,
PageID # 31.  The teller read the note and looked back at
Shiroma, who appeared to be unarmed.  *Id.*  Shiroma nodded and
said, "The top drawer is fine."  *Id.*  The teller, feeling
"fearful," handed over bills totaling $200.  *Id.*  Shiroma took
the money, fled the bank, and spent the night and the cash
partying in Waikiki.  *Id.* at PageID #s 31-32.  The next morning,
Shiroma walked into the Chinatown police station and told an
officer, "I'm the one that did the robbery yesterday."  *Id.* at
PageID # 31.  Shiroma said he "felt bad for committing the
robbery" and "wanted to return to prison."  *Id.* at PageID # 32.
The officer arrested him.  *Id.*

On February 11, 2015, Shiroma pled guilty without a
plea agreement to one count of federal bank robbery in violation
of 18 U.S.C. § 2113(a).  *See* ECF 6, PageID #s 6-7.  This was
Shiroma's fourth federal bank robbery conviction.  *See* ECF 15,
PageID #s 34-37.  The three prior robberies involved nearly
identical conduct:  Shiroma had walked into a bank, handed the
teller a demand note, grabbed the cash (never more than a few

hundred dollars), left, and turned himself in a day or two later. *See id.* at PageID #s 31-32, 34-37.

Shiroma's prior convictions made him a career offender under the Guidelines. *See id.* at PageID # 33. His resulting offense level was 29, his criminal history category was VI, and his Guideline range was 151 to 188 months. *Id.* at PageID #s 34, 38, 51. Neither party objected to this Guideline calculation. *Id.* at PageID #s 49, 50.

This court sentenced Shiroma on June 29, 2015, to 132 months for the bank robbery. ECF 12. The court varied downward from the Guideline range on the ground that Shiroma's mental health issues had contributed to the offense. ECF 14, PageID # 27. The court also sentenced Shiroma to a consecutive one-year term for having violated the terms of his supervised release (imposed for an earlier bank robbery). *See id.* Shiroma does not challenge the latter sentence. The court advised Shiroma of his right to appeal. *Id.* Judgment was entered on June 15, 2015. *See* ECF 13, PageID # 19.

Two weeks later, on June 26, 2015, the Supreme Court decided *Johnson v. United States*, 135 S. Ct. 2551, which held unconstitutionally vague the residual clause of the Armed Career Criminal Act ("ACCA"). *Id.* at 2563. The ACCA's residual clause is identical to the residual clause in the Guidelines. *See* 18 U.S.C. § 924(e)(2)(B) (defining "violent felony" to include any

felony that "involves conduct that presents a serious potential risk of physical injury to another"). Ten months later, on April 18, 2016, the Court held that *Johnson* applied retroactively to ACCA cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1268.

On June 17, 2016, Shiroma filed a § 2255 motion, arguing that his classification as a career offender under the Guidelines "violates due process in light of" *Johnson* and *Welch*. ECF 18, PageID # 83. Shiroma said:

> The petitioner was sentenced as a career offender. Necessary to doing so was this Court's finding that his present and prior federal bank robbery convictions were for crimes of violence. The PSR does not indicate which of USSG 4B1.2's clauses this Court relied upon to find that those convictions were for crimes of violence. The only lawful basis for doing so was, up until *Johnson* was decided, the residual clause. But the residual clause is void ab initio under *Johnson* and *Welch* . . . , and the record in the petitioner's case does not provide an adequately compelling justification for imposing a sentence anchored to a career offender guideline range when, absent the career offender determination, the lodestar starting point to which his sentence must be anchored drops to a much lower range.

*Id.* (emphases added). Shiroma stated that he was timely moving under 28 U.S.C. § 2255(f)(3), relying "on a right initially recognized in *Johnson v. United States*, 135 S.[]Ct. 2551 (2015), which *Welch v. United States*, 136 S.[]Ct. 1257 (2016),

recognized is retroactive[ly] applicable in collateral

proceedings." *Id.* at PageID # 91 (emphases added).

The Supreme Court subsequently decided *Beckles v.*

*United States*, 137 S. Ct. 886 (2017), holding that Guideline

clauses, unlike the criminal statute in *Johnson*, "are not

subject to vagueness challenges under the Due Process Clause."

*Id.* at 890.  The Court explained:

> [T]he advisory Guidelines do not fix the
> permissible range of sentences.  To the
> contrary, they merely guide the exercise of
> a court's discretion in choosing an
> appropriate sentence within the statutory
> range. . . . The advisory Guidelines
> [therefore] do not implicate the vagueness
> doctrine's concern with arbitrary
> enforcement.  Laws that "regulate persons or
> entities," we have explained, must be
> sufficiently clear "that those enforcing the
> law do not act in an arbitrary or
> discriminatory way." . . . The Guidelines,
> however, do not regulate the public by
> prohibiting any conduct or by "establishing
> minimum and maximum penalties for [any]
> crime."

*Id.* at 892, 894-95 (quoting *FCC v. Fox Television Stations,*

*Inc.*, 567 U.S. 239, 253 (2012), and *Mistretta v. United States*,

488 U.S. 361, 363 (1989)).  The Court noted, however, that its

holding in *Beckles* did "not render the advisory Guidelines

immune from constitutional scrutiny," and specifically

distinguished (and so explicitly preserved) *ex post facto*

challenges, certain sentencing procedure challenges, and Eighth

Amendment challenges in capital cases.  *Id.* at 895-96.

In a supplemental memorandum, the United States
contended that *Beckles* rendered Shiroma's motion meritless.  ECF
24, PageID # 105.  Shiroma initially submitted a memorandum
indicating that "[c]ounsel for petitioner is in the process of
obtaining the petitioner's consent to voluntarily withdraw his
petition," ECF 25, PageID # 109, but then filed a statement
saying that "petitioner d[id] not consent" and that the court
therefore "need[ed] to adjudicate this matter on the merits,"
ECF 26, PageID # 113.  Because Shiroma had not taken a position
on *Beckles*, the court gave him another opportunity to either
explain how *Beckles* affected the merits of his motion or to
indicate that he did not contest the United States' position.
*See* ECF 27.  Shiroma responded by filing a Memorandum in Support
of His § 2255 Motion ("Shiroma's Memorandum" or "the
Memorandum").  ECF 28.

The Memorandum said that Shiroma's request for relief
was not dependent on *Johnson*'s void-for-vagueness *holding*.
Shiroma said he was instead focusing on the decision's *language*,
which "makes plain that [the Guidelines'] residual clause cannot
be reliably applied in a non-arbitrary way."  ECF 28, PageID
# 115.  The Memorandum also claimed that, even if Shiroma was
making new arguments, his § 2255 motion was timely under 28
U.S.C. § 2255(f)(1).  *Id.* at PageID #s 117-18.  Shiroma is now
arguing that that *Beckles* does not require dismissal, because

7

Shiroma's sentence violates due process in three ways that allegedly do not flow from a "void for vagueness" argument: 1) the sentence "derive[s] from an arbitrary and unreliable starting point"; 2) it "is substantively unreasonable"; and 3) "imposing his sentence did not follow the rules." ECF 31, PageID # 165 (summarizing the Memorandum's argument); *see also* ECF 28, PageID #s 127, 133, 135.

The United States objects that Shiroma's Memorandum, rather than merely elucidating the impact of *Beckles* on the § 2255 motion (as the court had ordered), is instead amending that motion after the statute of limitations has expired. ECF 30, PageID # 148. The United States also argues that Shiroma procedurally defaulted his claims; that Shiroma was properly classified as a career offender under the Guidelines' force and enumerated offense clauses; and that, in any event, there was no constitutional violation. *See id.* at PageID #s 149, 151, 153, 155.

**III.     STANDARD OF REVIEW.**

Under 28 U.S.C. § 2255, a court may grant relief to a federal prisoner who challenges the length of his or her incarceration on any of the following four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the

8

maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

A § 2255 motion must be filed one year from the latest of four dates: (1) when the judgment of conviction becomes final; (2) when the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) when the right asserted is initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; and (4) when the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

A § 2255 petition cannot be based on a claim that has already been disposed of by the underlying criminal judgment and ensuing appeal. *See Olney v. United States*, 433 F.2d 161, 162 (9th Cir. 1970) ("Having raised this point unsuccessfully on direct appeal, appellant cannot now seek to relitigate it as part of a petition under § 2255.").

When a § 2255 petitioner has not raised an alleged error at trial or on direct appeal, the petitioner is procedurally barred from raising the issue in a § 2255 petition if the issue could have been raised earlier, unless the

petitioner can demonstrate both "cause" for the delay and
"prejudice" resulting from the alleged error.  *See United States
v. Frady*, 456 U.S. 152, 167-68 (1982) ("[T]o obtain collateral
relief based on trial errors to which no contemporaneous
objection was made, a convicted defendant must show both (1)
'cause' excusing his double procedural default, and (2) 'actual
prejudice' resulting from the errors of which he complains.");
*accord Davis v. United States*, 411 U.S. 233, 242 (1973).  A
showing of cause and prejudice, however, only excuses default of
constitutional claims, not nonconstitutional sentencing errors,
which are forever lost if not raised on direct appeal.  *See
United States v. Schlesinger*, 49 F.3d 483, 485 (9th Cir. 1994).

**IV.      ANALYSIS.**

**A.    There Is No Timeliness Issue.**

Shiroma's original § 2255 motion was timely.  Judgment
was entered on June 15, 2015, and he filed his § 2255 motion on
June 17, 2016.  *See* ECF 13, PageID # 19; ECF 18.  The one-year
limitation on § 2255 motions started to run on June 29, 2015,
fourteen days after the court entered judgment in the underlying
criminal case. 28 U.S.C. § 2255 (f); *United States v. Schwartz*,
274 F.3d 1220, 1223 (9th Cir. 2001) (explaining that the § 2255
clock "beg[ins] to run upon the expiration of the time during
which [the defendant] could have sought review by direct

appeal"); Fed. R. App. P. 4(b)(1)(A) (giving criminal defendants
14 days to file a notice of appeal).

Shiroma filed his "Memorandum in Support of His § 2255
Motion" on June 8, 2017. ECF 28, PageID # 137. The Government
claims that the Memorandum "amended" Shiroma's § 2255 motion
after the limitations period had expired, making his current
claims untimely. ECF 30, PageID # 148. Shiroma retorts that no
"amendment" took place; he says that the Memorandum only makes
new arguments in favor of his original due process claim, and
that new arguments are not "amendments." *See* ECF 28, PageID
# 119. Shiroma argues in the alternative that, if the
Memorandum amended the § 2255 motion, that amendment "relates
back" to the timely filed motion under *Mayle v. Felix*, 545 U.S.
644 (2005). *Id.* at PageID #s 119-20. And if *that* argument
fails, Shiroma asks the court to grant him leave to amend
pursuant to Rule 15(a)(2) of the Federal Rules of Civil
Procedure. *Id.* at PageID # 120.

The timeliness of the Memorandum is a high-stakes
issue for Shiroma. The § 2255 motion states its "ground for
relief" succinctly: Shiroma's "[s]entence violates due process
in light of *Johnson v. United States*, 135 S.[]Ct. 2551 (2015)."
ECF 18, PageID # 83 (emphasis added). The motion's "Supporting
facts" clarify that Shiroma is relying on *Johnson*'s void-for-
vagueness holding as grounds to invalidate the Guidelines'

residual clause. *See id.* (insisting that "the residual clause is void ab initio under *Johnson* and *Welch*" (emphases added)); *see also id.* at PageID # 91 (explaining that the § 2255 motion "relies on a right initially recognized in *Johnson* . . . which *Welch* . . . recognized is retroactively applicable in collateral proceedings" (emphases added)). This void-for-vagueness position was rejected by *Beckles v. United States*, 137 S. Ct. 886 (2017). The Memorandum therefore "shift[s]" away from "relying on the void-for vagueness doctrine." ECF 28, PageID # 118.

Shiroma now argues that his "sentence violates due process" because 1) it "derive[s] from an arbitrary and unreliable starting point"; 2) it "is substantively unreasonable"; and 3) "imposing the sentence did not follow the rules." ECF 31, PageID # 165 (summarizing the argument); *see also* ECF 28, PageID #s 127, 133, 135. Shiroma says *Beckles* did not nullify these arguments.

If Shiroma's Memorandum does not introduce new claims, it is timely. The limitations period in 28 U.S.C. § 2255(f) only covers "a *motion* under this section," *id.* (emphasis added), not any filing related to a § 2255 motion. The Memorandum does not purport to be a new § 2255 motion, and the United States does not characterize it as such. *See O'Donnell v. Vencor Inc.*, 466 F.3d 1104, 1111 (9th Cir. 2006) (finding a new complaint

untimely because it could not be an "amendment" for relating-back purposes and, as a new complaint, was independently governed by the statute of limitations).

On the other hand, if Shiroma's Memorandum is an amendment, it is untimely unless the court grants him leave to amend. Amendments to § 2255 Motions are governed by Rule 15 of the Federal Rules of Civil Procedure. *See Mayle v. Felix*, 545 U.S. 644, 663 (2005); *United States v. Lenox*, 670 F. App'x 483, 484 (9th Cir. 2016). An amendment may escape a time bar if it "relates back" to the original (timely) pleading. *See Mayle*, 545 U.S. at 650; Fed. R. Civ. P. 15(c). As long as the amendment relates back, § 2255 petitioners retain the "right to amend without leave of court . . . [any time] before [the government's] responsive pleading is served." *Mayle*, 545 U.S. at 663; Fed. R. Civ. P. 15(a). By the time Shiroma filed his Memorandum on June 8, 2017, the United States had responded to his original § 2255 motion and more than twenty-one days had passed since service of that response. *See* ECF 24. Under these circumstances, Shiroma could not amend absent either "the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

Despite the importance of the issue, neither party has identified legal authority bearing on the question of when a filing is an amendment under Rule 15. The United States simply

13

proclaims that Shiroma "amended his § 2255 Motion after the one year statute of limitation had expired, thereby making his current claim untimely." ECF 30, PageID #s 148-49. Shiroma proposes that filings making new claims are amendments, but filings asserting new arguments are not. *See* ECF 28, PageID #s 118-19. Shiroma cites just one case for this proposition, *United States v. Williams*, 846 F.3d 303 (9th Cir. 2017), which discusses when claims are forfeited on appeal. *See id.* at 311.

This court need not decide whether to adopt Shiroma's argument/claim distinction, or even whether the Memorandum introduces new claims or only new arguments. The court grants Shiroma leave to amend his original § 2255 motion. *See* ECF 28, PageID # 120 (requesting leave to amend as an alternative basis supporting timeliness).

Under Rule 15 of the Federal Rules of Civil Procedure, "a party may amend its pleading . . . [with] the court's leave," and the court "should freely give leave . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). "Unless undue prejudice to the opposing party will result, a trial judge should ordinarily permit a party to amend its complaint." *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973). "The key to denying amendment is prejudice to the non-moving party. Other justification would be bad faith of the moving party or undue delay." *Donovan v. Royal Logging Co.*, 645 F.2d 822, 827 (9th

Cir. 1981) (citations omitted). This is consistent with the
Ninth Circuit's "longstanding policy in favor of deciding cases
on the merits." *Jones v. Las Vegas Metro. Police Dep't*, 2017 WL
4700317, at *3 (9th Cir. 2017).

The United States would not suffer "undue prejudice"
if the court gives leave to amend. The parties have fully
briefed the Memorandum's positions. *See* ECF 28 (Shiroma's
Memorandum); ECF 30 (United States' response); ECF 31 (Shiroma's
reply). In its response, the United States spent only one
sentence on the amendment issue and nowhere indicated that it
would be prejudiced by leave to amend. *See* ECF 30, PageID # 148.

Shiroma did not act in "bad faith" or cause "undue
delay." Shiroma filed his Memorandum in June 2017 because 1)
the court had issued a stay while waiting for the Supreme Court
to decide *Beckles*; and 2) once *Beckles* came out, counsel tried
to "obtain[] the petitioner's consent to voluntarily withdraw
the petition." ECF 25, PageID # 109; ECF 21. The June filing,
moreover, came before the expiration date in the court's order
requesting a memorandum discussing *Beckles*. *See* ECF 27 (giving
Shiroma until June 9, 2017). Finally, Shiroma filed the
Memorandum just two months after he could have amended the
§ 2255 Motion *without* leave of court. *See Mayle v. Felix*, 545
U.S. 644, 663 (2005) (explaining that a "petitioner may amend
his pleading 'as a matter of course'" "any time before a

15

responsive pleading is served" (quoting Fed. R. Civ. P. 15(a)).

None of this suggests bad faith or undue delay. Consequently,

the court grants Shiroma leave to amend.

Under Rule 15(c), even if, as the United States

contends, the Memorandum introduces new claims, those new claims

can "relate[] back to the date of the original" § 2255 motion as

long as they "ar[i]se out of the conduct, transaction, or

occurrence set out . . . in the original pleading." Fed. R.

Civ. P 15(c)(1)(B). Relation back under Rule 15(c) "is

ordinarily allowed 'when the new claim is based on the same

facts as the original pleading and only changes the legal

theory.'" *Mayle*, 545 U.S. at 664 n.7 (quoting 3 J. Moore et

al., Moore's Federal Practice § 15.19[2], p. 15–82 (3d ed.

2004)). An amendment "does not relate back (and thereby escape

AEDPA's one-year time limit) when it asserts a new ground for

relief supported by facts that differ in both time and type from

those the original pleading set forth." *Mayle*, 545 U.S. at 650;

*United States v. Edlund*, 251 F. App'x 452, 454 (9th Cir. 2007).

Shiroma's Memorandum relies on the same facts as his timely

§ 2255 motion. Therefore, it "relates back" and is timely under

Rule 15(c).

Having addressed the threshold timeliness issue raised

by the United States, this court turns to the other arguments

raised by the United States.

16

## B.  Shiroma Lacks "Cause" Excusing His Procedural Default.

Shiroma did not object to his career offender status during sentencing or on direct appeal.  In such circumstances, "review of the [defaulted] claim should be barred . . . absent a showing of cause for the noncompliance and some showing of actual prejudice resulting from the alleged constitutional violation." *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977); *see also United States v. Frady*, 456 U.S. 152, 167 (1982).

If, as he claims, Shiroma was misclassified as a career offender, that classification substantially disadvantaged him by increasing his Guideline range by many months.  *See United States v. Kinman*, No. 16CV1360 JM, 2016 WL 6124456, at *3 (S.D. Cal. Oct. 20, 2016) (quoting *United States v. Braswell*, 501 F.3d 1147, 1150 (9th Cir. 2007)); ECF 28, PageID # 117.  But even if he was prejudiced, he fails to show "cause" for having failed to object earlier to his career offender classification.

Shiroma relies on *Johnson v. United States*, 135 S. Ct. 2551 (2016), as "cause."  *See* ECF 28, PageID # 120 (stating that "*Johnson* . . . provide[s] the cause").  Shiroma is apparently saying that *Johnson* recognized a new constitutional right after Shiroma's sentence had become final, and that the timing of *Johnson* excuses Shiroma's failure to raise his claims earlier.  While this court recognizes that, under *Murray v. Carrier*, 477

U.S. 478, 488 (1986), "a showing that the factual or legal basis for a claim was not reasonably available to counsel" establishes cause for a procedural default, Shiroma's reliance on *Johnson* in this regard directly contradicts his assertion that, following *Beckles*, he is no longer relying on *Johnson*. That is, Shiroma is no longer arguing that the Guidelines' residual clause is unconstitutionally vague. *See United States v. Branch*, No. 04-CR-40022-PJH-4, 2016 WL 8729922, at *5 (N.D. Cal. Oct. 21, 2016) (finding cause in light of *Johnson* for default on the claim that the Guidelines' residual clause is unconstitutionally vague). Shiroma has now abandoned his earlier void-for-vagueness argument, *see* ECF 28, PageID #s 118-19; he can hardly claim that *Johnson* justifies his default while simultaneously denying that he is relying on the holding in *Johnson*.

Shiroma now insists that his "sentence violates due process" because 1) it "derive[s] from an arbitrary and unreliable starting point"; 2) "is substantively unreasonable"; and 3) "imposing his sentence did not follow the rules." ECF 31, PageID # 165. Shiroma's own Memorandum shows that the bases for these claims were available to him when he was sentenced.

First, in arguing that due process precludes the imposition of an arbitrary sentence, Shiroma cites *Richmond v. Lewis*, 506 U.S. 40 (1992), *Chapman v. United States*, 500 U.S. 453 (1991), and *Kennick v. Sup. Ct.*, 736 F.2d 1277 (9th Cir.

1984). ECF 28, PageID # 134. Second, in arguing that his sentence is substantively unreasonable, Shiroma discusses *Gall v. United States*, 552 U.S. 38 (2007), and *Jones v. United States*, 135 S. Ct. 8 (2014). ECF 28, PageID # 133. Finally, in arguing a failure to "follow the rules," Shiroma cites *Hicks v. Oklahoma*, 447 U.S. 343 (1980), and *Ballard v. Estelle*, 937 F.2d 453 (9th Cir. 1991). ECF 28, PageID # 135. All of these authorities were available to Shiroma at the time of sentencing. *See Murray*, 477 U.S. at 488.

While Shiroma implies that it was not until *Johnson* that the language in the residual clause was recognized as being "a black-hole of confusion," ECF 28, PageID # 119, several earlier opinions recognized this "black hole." *See, e.g.*, *United States v. Vann*, 660 F.3d 771, 787 (4th Cir. 2011) (Agee, J., concurring) (calling the residual clause "a black hole of confusion and uncertainty") (quoted in *Johnson*, 135 S. Ct. at 2562); *United States v. Mayer*, 560 F.3d 948, 952 (9th Cir. 2009) (Kozinski, C.J., dissental) (asking rhetorically how best to discern the "ordinary case" of a crime under ACCA's residual clause: "A statistical analysis of the state reporter? A survey? Expert evidence? Google? Gut instinct?") (quoted in *Johnson*, 135 S. Ct. at 2557). These observations were not made in majority opinions, but they were public and easily findable. Shiroma offers no explanation as to why he ignored their reasoning. An

19

explanation is particularly appropriate given Shiroma's professed nonreliance on *Johnson.* *See Engle v. Isaac*, 456 U.S. 107, 130 (1982) (explaining why perceived "futility" does not excuse default).

It is not enough for Shiroma to say, "*Johnson* provides the cause." ECF 28, PageID # 120. This court certainly recognizes that *Johnson* changed the law, but it did not change all law. If Shiroma has ceased relying on *Johnson*, then this court looks to what arguments he was on notice of even absent *Johnson.* Shiroma has not established cause for failing to raise his new due process claims or arguments earlier. *Wainwright*, 433 U.S. at 91.

Shiroma argues in the alternative that the *Wainwright* cause and prejudice requirements do not apply to him, because his claim that he is not a career offender is an actual innocence claim. ECF 28, PageID # 120. An actual innocence claim can overcome procedural default without cause or prejudice. *See Schlup v. Delo*, 513 U.S. 298, 321 (1995); *Powell v. Walker*, 685 F. App'x 594, 595 (9th Cir. 2017), *cert. denied*, No. 17-5011, 2017 WL 2854630 (U.S. Oct. 2, 2017). But Shiroma's claim that he was improperly characterized as a career offender does not go to innocence. *See Vosgien v. Persson*, 742 F.3d 1131, 1134-35 (9th Cir. 2014) ("A petitioner can demonstrate actual innocence [by showing] in light of subsequent case law

that he cannot, as a legal matter, have committed the alleged *crime*." (emphasis added)). Far from establishing that he did not commit the bank robbery that he was charged with, Shiroma is arguing that his sentence was too high. That is not an actual innocence claim. *See Wildman v. Johnson*, 261 F.3d 832, 842-43 (9th Cir. 2001) (holding that a petitioner could not show actual innocence by contending that his consecutive sentences were illegal when he "failed to challenge the facts underlying his convictions"); *see also Unthank v. Jett*, 549 F.3d 534, 536 (7th Cir. 2008) ("[Petitioner] says only that his sentence is too high, and . . . this differs from a claim that he is innocent of the crime of which he was convicted."); *Kinder v. Purdy*, 222 F.3d 209, 213-14 (5th Cir. 2000) (holding insufficient a claim that prior convictions did not constitute controlled substance offenses for career offender purposes, as the petitioner did not assert that he was "innocent of the crime for which he was convicted"). Shiroma has procedurally defaulted with respect to his new claims or arguments.

### C. Shiroma's Claims Go to Nonconstitutional Sentencing Errors.

Even if it could be said that Shiroma does not run afoul of the cause and prejudice requirements for overcoming a procedural default, he could advance only defaulted constitutional claims, not nonconstitutional sentencing errors.

*See United States v. Schlesinger*, 49 F.3d 483, 485 (9th Cir. 1994); *United States v. Mazzeo*, No. 2:12-CR-337 JCM(CWH), 2017 WL 1363308, at *2 (D. Nev. Apr. 4, 2017). The Ninth Circuit has "consistently held that a § 2255 petitioner cannot challenge nonconstitutional sentencing errors if such errors were not challenged in an earlier proceeding." *United States v. McMullen*, 98 F.3d 1155, 1157 (9th Cir. 1996). "We have also made clear that computational errors in a petitioner's presentence report do not give rise to a constitutional issue." *Id.* at 1157; *see also United States v. Acosta-Chavez*, 727 F.3d 903, 909 (9th Cir. 2013) ("[A] district court commits *procedural* error by miscalculating the applicable Guidelines range." (emphasis added)); *United States v. Donn*, 661 F.2d 820, 824 (9th Cir. 1982) ("A defendant waives his right to attack the presentence report through a § 2255 motion when he fails to avail himself of an opportunity to do so contemporaneously or on direct appeal.").

Shiroma argues that his claims are constitutional because "due process forbids . . . sentencing him as a career offender when he is not a career offender." ECF 28, PageID # 121. This argument is nothing more than a mere assertion that a Guideline calculation error is a constitutional error. The Ninth Circuit has foreclosed this argument, noting that Guideline computational errors are not constitutional issues.

*McMullen*, 98 F.3d at 1157.  An allegedly erroneous
characterization of a defendant as a career offender similarly
fails to rise to the level of a constitutional matter.  *See*
*United States v. Crause*, No. 2:10-CR-00040-JLQ, 2017 WL 1159100,
at *4 (E.D. Wash. Mar. 28, 2017) (finding *Johnson* arguments that
a defendant was not a career offender "procedurally defaulted
because they are not constitutionally based").  Designation as a
career criminal can clearly have a serious, even devastating,
impact on a sentence, but an alleged error in that regard is,
under governing Ninth Circuit law, a nonconstitutional error.  A
challenge to that designation is waived by a procedural default,
"without any opportunity to be saved by a showing of cause and
prejudice."  *United States v. Schlesinger*, 49 F.3d 483, 485 (9th
Cir. 1994).

> **D.  Federal Bank Robbery Is a Crime of Violence Under the Force Clause.**

Quite apart from any procedural default, Shiroma
cannot succeed under § 2255 because, at least in the Ninth
Circuit, the robberies he pled guilty to qualify as crimes of
violence even without reliance on the Guidelines' residual
clause.  Shiroma argues that this court wrongly applied the
Guidelines' *residual* clause in deeming him a career offender.
*See* ECF 28, PageID # 127 (arguing that because the Guidelines'
"residual clause cannot be reliably applied in a non-arbitrary

23

way, using it . . . violates due process"); *id.* at PageID # 133
(insisting that "[using] the career offender guideline's
residual clause [makes the resulting sentence] . . .
substantively unreasonable"); *id.* at PageID # 135 (maintaining
that "[w]hen the career offender guideline is applied to someone
who is not a career offender, the resulting sentence has not
conformed to the rules the government has imposed upon itself").
The United States retorts that Shiroma's federal bank robbery
convictions qualify as "crimes of violence" under the
Guidelines' *force* clause, making Shiroma's attacks on the
residual clause unavailing.  ECF 30, PageID #s 152-57.

        In sentencing Shiroma as a career offender, this court
did not articulate which clause in the definition of "crimes of
violence" it was relying on.  *See* ECF 12; ECF 14; ECF 15, PageID
#s 33, 38.  Shiroma assumes that the only conceivable clause he
could have fallen under was the residual clause.  Ninth Circuit
law indicates otherwise.

        In *United States v. Selfa*, 918 F.2d 749 (9th Cir.
1990), the Ninth Circuit ruled that all "persons convicted of
robbing a bank 'by force and violence' or 'intimidation' under
18 U.S.C. § 2113(a) [the federal bank robbery statute] have been
convicted of a 'crime of violence' within the meaning of
Guideline Section 4B1.1."  *Id.* at 751.  Although the defendant
in *Selfa* insisted that he had "neither harmed nor threatened to

24

harm anyone in any way during [his] robberies," the Ninth
Circuit observed that § 2113(a) "requires, at the very least,
either 'force and violence' or 'intimidation.' This court has
defined 'intimidation' under section 2113(a) to mean 'willfully
to take, or attempt to take, in such a way that would put an
ordinary, reasonable person in fear of bodily harm.'" *Id.* at
751 (quoting *United States v. Hopkins*, 703 F.2d 1102, 1103 (9th
Cir. 1983)).  Because this "intimidation" definition "is
sufficient to meet the section 4B1.2(1) requirement of a
'threatened use of physical force,'" federal bank robbery under
§ 2113(a) qualifies as a crime of violence. *Id.*  In other
words, even without the residual clause, a bank robbery
qualifies as a crime of violence given the force clause.

The Ninth Circuit has stood by *Selfa* following
*Johnson*.  *See United States v. Cross*, 691 F. App'x 312, 312–13
(9th Cir. 2017) (reiterating that "unarmed bank 'intimidation'
under § 2113(a) requires the necessary level of violent physical
force" to constitute a crime of violence (citing *Selfa*, 918 F.2d
at 751)); *United States v. Pritchard*, 692 F. App'x 349, 351–52
(9th Cir. 2017) (same, for armed bank robbery); *United States* v.
Howard, 650 F. App'x 466, 468 (9th Cir. 2016), *as amended* (June
24, 2016) (same, for Hobbs Act robbery).

Shiroma does not contend that this court is misreading
Ninth Circuit decisions on this issue.  Instead, he insists that

*Selfa* "just got it wrong," and that subsequent Supreme Court decisions--the most recent being *Torres v. Lynch*, 136 S. Ct. 1619 (2016)--have undermined the precedential authority of *Selfa*. ECF 28, PageID #s 122-24. Whether this argument has analytical merit or not, this court cannot adopt it. This court is bound by circuit precedent unless intervening higher authority "is clearly irreconcilable with [the] prior circuit authority." *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003). The Ninth Circuit has itself examined *Selfa* under the *Miller* standard and has declined to reject *Selfa*. *See Cross*, 691 F. App'x at 313 (concluding that "no 'intervening higher authority' is 'clearly irreconcilable' with *Selfa*" (quoting *Miller*, 335 F.3d at 893)); *Pritchard*, 692 F. App'x at 351 (same). The Ninth Circuit has decided *Cross* and *Pritchard* this year, and Shiroma identifies no "intervening higher authority" subsequent to and "irreconcilable" with *Cross* and *Pritchard*. *See Miller*, 335 F.3d at 893. In the face of these decisions, this court concludes that *Selfa* remains good law.

Relying not on the residual or enumerated offenses clauses, but instead on circuit precedent applying the force clause, this court rules that federal bank robbery is a crime of violence under the force clause. Shiroma's bank robbery convictions were crimes of violence that rendered him a career offender.

26

### E. The Court Issues a Certificate of Appealability.

"The standard for granting a certificate of appealability is low. All that's required is that 'reasonable jurists could debate' whether the petition states a 'valid claim of the denial of a constitutional right' and whether the district court 'was correct in its procedural ruling.'" *Frost v. Gilbert*, 835 F.3d 883, 888 (9th Cir. 2016) (en banc) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Given the "low" standard, this court issues Shiroma a certificate of appealability as to the issue of whether his career offender designation denied him a constitutional right.

## V. CONCLUSION.

For the foregoing reasons, the court DENIES the motion for § 2255 relief and GRANTS a certificate of appealability.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 31, 2017.



/s/ Susan Oki Mollway

Susan Oki Mollway
United States District Judge

United States v. Marc Shiroma, Civ. No. 16-00320 SOM-KJM; ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY AND GRANTING A CERTIFICATE OF APPEALABILITY.